ATTACHMENT A

3d PARTY INDIVIDUAL REQUESTING THE RESTRAINING ORDER

Thomas C. Bleser
Seventeen Court Street
Boston, MA 02108

DURATION OF THE RESTRAINING ORDER:

*From:* Reasonable determination of outcome of U.S. Presidential Elections

*To:* Oath of Office of the same

SUBJECTS OF THE RESTRAINING ORDER

Nonincumbent U.S. President and President-elects *Kerry* (President) and *Edwards* (Vice President).

NATURE OF THE RESTRAINING ORDER

Keeping them from both being in the same public place at the same time during the "Lame Duck Period" (from election to oath of office) for security reasons.

REASONING

The joint assassination of nonincumbent President-Elect and Vice President-Elect would create a constitutional crisis as there are no provisions of succession under these conditions.

It is common knowledge that Al Quaida has already expressed its intention to disrupt the present electoral process.

Any possible benefit accruing from their joint appearance is far outweighed by the potential costs of their simultaneous loss as the result of such a public appearance.

RULE OF LAW

*Dr. Bonham's Case*, decided by Coke, where the circumstances involved possible regicide (James II) and the rule of law, "any ruling (e.g. by administrative persons) contrary to reason is null and void. (Previously cited as an antecedent to *Marbury v. Madison*)

JURISDICTION

28 U.S.C. 1332

Plaintiff waives trial by jury.

Thomas C. Bleser
(617) 399-3403

# LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

Effective September 1, 1990

Including Amendments Received Through July 1, 2004

---

**RULE 40.1 ASSIGNMENT OF CASES**

(A) *Civil Cases.*

(1) *Categories of Cases.* All civil cases shall be divided into the following five categories for purposes of assignment, based upon the numbered Nature of the Suit, listed in the civil cover sheet used by the clerk in initiating the civil docket, without regard to [*] (See ** [*]) regardless of nature of suit.

I — 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.
II — 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
IV — 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
V — 150, 152, 153.

A copy of the civil cover sheet form referred to is attached as an appendix to this rule.

(2) *Designation of Nature of Suit.* The party filing the initial pleading shall complete a civil cover sheet, Form JS 44**, or any successor forms, and file it with the initial pleading. If the clerk should determine that the designation of Nature of Suit is in error, the clerk shall correctly classify the suit and notify the party filing the initial pleading. A designation shall not thereafter be changed except by order of the Chief Judge or the judge to whom the case is assigned.

(3) *Assignment.* The clerk shall place a case in one of the five categories described in subsection (A)(1) and, unless otherwise ordered by the Court, assign it by lot among the judges of the court in active service at their respective duty stations in accordance with this rule in such manner that each such judge shall be assigned as nearly as possible the same number of cases in each category. A senior judge may limit the category of case and nature of suit assigned to that judge and, within the categories of cases or suits that senior judge will accept, assignment shall be by lot in accordance with this rule.

\* See Appendix C following the rules.
\*\* See Appendix B following the rules.

(B) *Criminal Cases.*

(1) *Categories of Cases.* All criminal cases shall be divided into the following three categories:

I — Felony cases expected to require a combined total of fifteen (15) days or more for pretrial hearings and trial before a district judge.
II — All other felony cases.
III — All misdemeanor and petty offense cases where a district judge has been requested; Rule 20 cases; cases involving waivers of indictment; and all matters involving alleged violations of conditions of release by persons transferred to this District for supervision.

(2) *Designation of Category.* The attorney for the United States shall identify the appropriate category on Form AO 45, as modified for the district of Massachusetts, or any successor form, and submit the form contemporaneously with the document that initiates the case. If the clerk should determine that the designation of category is in error, the clerk shall correctly classify the case and notify the attorney for the United States. The designation shall not thereafter be changed except by order of the Chief Judge or the judge to whom the case is assigned.

(3) *Assignment.* The clerk shall place a case in one of the three categories described in subsection (B)(1) and, unless otherwise ordered by the Court, assign it by lot among the judges of the court in active service at their respective active duty stations within the divisions of the court in accordance with this rules in such manner that each judge shall be assigned as nearly as possible the same number of cases in each category. A senior judge may limit the category of cases or types of alleged criminal offenses assigned to that judge and within the categories of cases or offenses that senior judge will accept, assignment shall be in accordance with this rule.

(C) *Designation of Divisions.* The District of Massachusetts constitutes one judicial district comprising three divisions.

(1) *Eastern Division.* The Eastern Division of the District of Massachusetts comprises the counties of Barnstable, Bristol, Dukes, Essex, Middlesex, Nantucket, Norfolk, Plymouth, and Suffolk. Cases assigned to the Eastern Division and all pleadings and documents therein shall be filed in the clerk's office in Boston.

(2) *Central Division.* The Central Division of the District of Massachusetts is Worcester County. Cases assigned to the Central Division and all pleadings and documents therein shall be filed in the clerk's office in Worcester.

(3) *Western Division.* The Western Division of the District of Massachusetts comprises the counties of Berkshire, Franklin, Hampden and Hampshire. Cases shall be assigned to the Western Division and all pleadings and documents therein shall be filed at the clerk's office in Springfield.

(D) Assignment of Civil Cases.

(1) Civil cases shall be assigned to the respective divisions if:

  (a) All of the parties reside in that division.

  (b) All of the parties reside in the District of Massachusetts and the majority of the plaintiff(s) reside(s) in that division.

  (c) The only parties residing in the District of Massachusetts reside in that division; or

  (d) Any of the parties are the United States, the Commonwealth of Massachusetts, or any governmental agency of either the United States or the Commonwealth of Massachusetts and all other parties resident in the District of Massachusetts reside in that division.

(2) Except as otherwise ordered by the Court, cases not governed by section (D)(1) may be filed, subject to reassignment and transfer, in the division chosen by the plaintiff.

(E) Assignment of Criminal Cases. Criminal cases shall be assigned to that division in which the most significant criminal conduct related to the alleged violations occurred within the District of Massachusetts. All documents in each criminal case shall be filed in the clerk's office administering cases for the division to which that case is assigned.

(F) Transfer Between Divisions. Any case may be transferred from one division to another division on motion of any party for good cause shown or sua sponte for good cause by the judge to whom the case is assigned.

(G) Related Civil Cases.

(1) For purposes of this rule, a civil case is related to one previously filed in this court if some or all of the parties are the same and if one or more of the following similarities exist also: the cases involve the same or similar claims or defenses; or the cases involve the same property, transaction or event; or the cases involve insurance coverage for the same property, transaction or event; or the cases involve substantially the same questions of fact and law. In addition, two cases, one criminal and one civil, are related if the civil case involves forfeiture of property from a transaction or event which is the subject of a previously filed criminal case, or the civil case seeks enforcement of a restitution order or fine imposed in a previously filed criminal case. This rule shall not apply if more than two (2) years have elapsed since the closing of the previous action.

(2) If the party filing the initial pleading believes that the case is related to a case already assigned, whether or not the case is then pending, that party shall notify the clerk by notation on the local civil category sheet indicating the title and number of each such earlier case.

(3) The clerk shall assign related cases to the same judge without regard to the number of other cases in that category previ-

ously assigned to that judge. Related cases shall be counted as cases assigned, except as the Chief Judge may otherwise direct.

(4) The assignment of cases as related by the clerk shall be subject to correction only by the judge to whom they have been assigned, who shall return cases erroneously assigned on that basis to the clerk for reassignment.

(5) The treatment of a case as not related to another case shall be subject to correction only by the joint decision of the judge to whom it has been assigned and the judge to whom it should be assigned, if related to another case. The judges may then transfer the case pursuant to section (I) of this rule, and shall notify the clerk of the reason for the transfer.

(H) Proceedings After Assignment. Unless otherwise ordered by the court, all proceedings in a case after its assignment shall be conducted before the judge to whom it has been assigned, except as otherwise provided in these rules. This section does not preclude reassignment of cases by the court or the clerk, at the direction of the court, without prior notice to the parties.

(I) Reassignment and Transfer of Cases. In the interest of justice or to further the efficient performance of the business of the court, a judge may return a case to the clerk for reassignment, whether or not the case is related to any other case, with the approval of the Chief Judge, or, with respect to civil cases only, may transfer the case to another judge, if the other judge consents to the transfer.

(J) Motion for Consolidation of Cases. A motion for consolidation of two or more cases shall be made in the case first filed in this court.

(K) Proceedings After Appeal.

(1) When an appellate court remands a case to this court for a new trial, the case shall be reassigned to a judge other than the judge before whom the first trial was held.

(2) In all other cases in which the mandate of the appellate court requires further proceedings in this court, such proceedings shall not be conducted before the judge before whom the prior proceedings were conducted unless the terms of the remand require that further proceedings be conducted before the original judge or unless the judge determines that there will result a substantial saving in the time of the whole court and that there is no reason why, in the interest of justice, further proceedings should be conducted before another judge. If the judge before whom the prior proceedings were conducted does not retain the case for further proceedings, that judge shall return it to the clerk for reassignment.

Effective September 1, 1990. Amended effective January 1, 2001.

8

# ELECTRONIC CASE FILING

## GENERAL ORDER RE: ELECTRONIC CASE FILING

### GENERAL ORDER RE: ELECTRONIC CASE FILING

Fed. R. Civ. P. 5(e) authorizes this Court to establish practices and procedures for the filing, signing and verification of documents by electronic means.

Accordingly, the United States District Court for the District of Massachusetts hereby orders that all cases filed within this District are eligible for electronic case filing according to the rules and procedures outlined in the following:

A) The Electronic Case Filing Administrative Procedures

B) Electronic Case Filing User's Manual

C) Standing Orders concerning ECF implementation and the provision of courtesy copies.* Unless otherwise specified by the particular court in its session order, each session will adopt a standing order of the form attached.

Please Note: Counsel should pay particular attention to the rules with regard to sealed documents and ex parte submissions. Under ECF, if sealed documents or ex parte submissions are inadvertently filed electronically, they become immediately available to the public.

After September 8, 2003, counsel who have registered for ECF and who have received information concerning login and passwords will receive electronic notice of court orders and decisions. After October 1, 2003, counsel who have registered for ECF and have received login and password information will be eligible to file documents electronically, according to the rules and procedures outlined above.

* Publishers note: For standing orders governing CM/ECF in particular sessions of the Court, contact the office of the clerk or consult the Court's web site.
September 2, 2003

### ELECTRONIC CASE FILING ADMINISTRATIVE PROCEDURES

#### ELECTRONIC FILING and PDF

Electronic Filing is the process of uploading a document from the registered user's computer, using the court's Intern[et] Electronic Case Files (ECF) system the document in the court's case f ECF system only accepts docume portable document format (PDF) are two types of PDF documents—e cally converted PDF's and scanned Although either type is acceptabl documents converted electronically ferred over scanned PDF files du size differences and ability to sea

Electronically converted PDF's a ed from word processing docume Word, WordPerfect, etc) using Ado bat or similar software. They searchable and their file size is sma

Scanned PDF's are created fro documents run through an optical Scanned PDF's are not searchable a large file size.

## ADMINISTRATIVE PROCED

A. General Information

1. Effective October 1, 2003, d submitted for filing in all pending criminal cases, except those docum cifically exempted in subsection (B procedures, may be filed either el ly using the Electronic Case Filin (ECF) or on a properly labeled 3 or compact disk in portable docu mat (PDF) so that the documen added to the electronic case file. should be guided by the standi of each judge to determine w appropriate to begin electronic documents in their cases and courtesy copies of documents n provided. Magistrate Judges r standing orders for electronic fili consent cases on a case by case b

2. The Clerk's Office will not paper court file in any civil or cri commenced after October 1, 2003. otherwise provided herein or as the Judge in a particular session. files in actions commenced prior 1, 2003 may contain paper versio documents filed prior to Octob and electronic files of the docun on or after October 1, 2003). T court record in ECF cases sh electronic file maintained on the vers together with any paper

9